# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID DAVIS,

        Petitioner,        Case No. 2:19-cv-11920
                                    Honorable Sean F. Cox

v.

WILLIS CHAPMAN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION WITHOUT PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY

David Davis, a Michigan state prisoner, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions of first-degree premediated murder, Mich. Comp. Law § 750.316; felon in possession of a firearm, Mich. Comp. Law § 750.224f; and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Law § 750.227b. Now before the Court is Respondent's Motion to Dismiss on the basis of Petitioner's failure to exhaust. Because Petitioner has failed to exhaust all the claims he raises in his petition, and because he has adequate time to return to the state courts to exhaust those claims, Respondent's motion will be granted.

I. Background

Petitioner was convicted by jury trial in the Oakland Circuit Court of first-degree murder and weapons-related charges following the shooting death of his girlfriend. *People v. Davis*, No. 335051, 2018 WL 1768072, at *1 (Mich. Ct. App. Apr. 12, 2018), *appeal denied*, 503 Mich. 929, 920 N.W.2d 593 (2018). He was sentenced to life imprisonment without parole for the first-degree murder conviction, 59 to 90 months for the felon-in-possession conviction, and two years for each of two felony-firearm convictions. *Id.*

In a direct appeal by right, through his appointed attorney, Petitioner claimed his due process rights were violated by the wrongful admission of prior criminal conduct, the wrongful admission of hearsay evidence, and insufficient evidence of premeditated first-degree murder. Mich. Ct. App. Rec., ECF No. 8-17, PageID.2045. In a *pro se* brief,[1] he raised four additional issues: prosecutorial misconduct, ineffective assistance of trial counsel, insufficient evidence of open murder, and an unfair trial as the result of cumulative errors. Mich. Ct. App. Rec., ECF No. 8-17, PageID.1992. After his convictions were affirmed by the court of appeals, Petitioner applied for leave to appeal with the Michigan Supreme Court.

---

[1] Standard 4 of the Michigan Assigned Counsel rules permits a criminal defendant to file a pro se brief within 84 days after his lawyer files his brief on appeal. *See* Mich. Ct. App. IOP 7.212(F)-3 (stating that the administrative order permits "indigent defendants represented by appointed counsel [to] raise issues in [the Michigan appellate courts] that their attorneys decline to raise"). The rules were promulgated by the Michigan Supreme Court in 2004. *See* Admin. Order 2004-6, 471 Mich. cii (2004).

There, he raised the same seven issues he argued in the court below. Mich. Sup. Ct. Rec., ECF No. 8-18, PageID.2253-66.

Now, in his petition for a writ of habeas corpus, Petitioner raises five general grounds for relief:

      I.  Right to effective assistance of trial counsel

      II.  Right to misconduct free trial

      III. Right to fundamentally fair trial

      IV. Right to effective assistance of appellate counsel

      V.  Right to due process

The petition expands on the claims above, listing numerous subclaims for each of the five grounds for relief. *See* ECF No. 1, PageID.7-9. For instance, under the heading of Right to Effective Assistance of Trial Counsel, Petitioner lists eleven subclaims or theories. Pet., ECF No. 1, PageID.7. In total, Petitioner lists fifty-three subclaims. *Id*. at 7-9.

Some but not all of these subclaims appear to correspond with Petitioner's issues on appeal. For instance, his claim that the "[s]tate used 404b past the 10 year limit that was not probative or in the interest of justice" corresponds to his direct appeal challenge to the use of evidence of prior acts of domestic violence outside the ten-year limit of Mich. Comp. Law § 768.27b. ECF No. 1, PageID.7 (subclaim C.4.); *Davis*, 2018 WL 1768072, at *2. In another example, Petitioner's challenges

to the sufficiency of the evidence, 2018 WL 1768072, at *7, directly correspond to the petition's subclaims on "sufficiency of evidence" and "inadequate proof." ECF No. 1, PageID.8 (C.7 and C.8). However, most of the numbered subclaims do not appear to have been raised in the state appellate courts.

Respondent's Motion to Dismiss is based on Petitioner's failure to exhaust these subclaims. ECF No. 7, PageID.28. He requests this Court dismiss the petition without prejudice. *Id*. at PageID.36. In his response to the motion to dismiss, Petitioner states that he does not object to dismissal of his petition without prejudice, which would permit him to return to state court and exhaust his unexhausted claims. ECF No. 9, PageID.2291.

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requires all claims to be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015); *see also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan

Court of Appeals and the Michigan Supreme Court. *Wagner*, 581 F.3d at 414 *(*citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for those claims. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). The claims must be presented to the state courts as federal constitutional issues, not just issues arising under state law. *Id.* (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994)).

A federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances." *Id.* at 277. *Rhines* describes those circumstances as follows: when the one-year statute of limitations poses a concern,

the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. Federal courts may still dismiss a mixed petition, as long as that action would not "unreasonably impair the petitioner's right to obtain federal relief." *Id*. at 278 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (plurality opinion)).

Petitioner has not shown the need for a stay. The statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires") (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on December 21, 2018; the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on March 21, 2019. The instant petition was signed on June 19, 2019. Thus, less than three months of the one-year period had expired when Petitioner instituted this action.

While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (a federal

habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F.Supp.2d 1081, 1088–89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); Carey *v. Saffold*, 536 U.S. 214, 219–221 (2002). Given that approximately nine months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

A prisoner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Petitioner may file a motion for relief from judgment in the Oakland County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, before returning to federal court to pursue habeas relief, he must seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

III. Conclusion

For the reasons stated above, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 9) and DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court DENIES a certificate of appealability.

SO ORDERED.

Dated: April 30, 2020

s/Sean F. Cox
Sean F. Cox
United States District Judge