UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DAVIS,

        Petitioner,        Case No. 2:19-cv-11920
                                Honorable Sean F. Cox
v.

WILLIS CHAPMAN,

        Respondent.
_____/

**OPINION AND ORDER CONSTRUING PETITIONER'S REQUEST TO EXTEND TIME [ECF NO. 13] AS A MOTION FOR RELIEF FROM JUDGMENT AND FOR STAY AND ABEYANCE, GRANTING THE MOTIONS, STAYING THE PETITION, AND ADMINISTRATIVELY CLOSING THE CASE**

David Davis, a Michigan state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for first-degree premediated murder, Mich. Comp. Law § 750.316; felon in possession of a firearm, Mich. Comp. Law § 750.224f; and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Law § 750.227b. On April 30, 2020, this Court granted Respondent's motion to dismiss and dismissed the petition without prejudice. (ECF No. 10.)

Now before the Court is Petitioner's request to extend time. For the reasons stated below, the Court will construe Petitioner's request as a motion for relief from

judgment and for stay and abeyance of his petition, vacate its earlier order of dismissal, and grant Petitioner's request for a stay.

## I.    Background

Respondent filed a motion to dismiss the petition without prejudice due to Petitioner's failure to exhaust his claims. (ECF No. 7.) Respondent's motion suggested that either dismissal without prejudice or a stay of the petition would be appropriate. (*Id*. at PageID.35.) In his response to the motion, Petitioner professed a lack of awareness of the possibility of a stay. (ECF No. 9, PageID.2291.) Petitioner was unclear in response about whether he sought a stay: He stated that if the Court "wishes to entertain such a procedure [stay and abeyance]," he did not disagree with a dismissal without prejudice, noting it would permit his return to the state courts for collateral relief. (*Id*.)

The Court granted Respondent's motion and dismissed Petitioner's application for writ of habeas corpus without prejudice. (ECF No. 10.) The order was issued April 30, 2020. On June 3, 2020, the order sent to Petitioner was returned to the Court as undeliverable. (ECF No. 12.)

Petitioner sent the Court a letter, dated July 24, 2020, stating that he had not received a decision on his habeas petition. (ECF No. 13, PageID.2307.) He informed the Court that he "was in the hospital from April until June and [his] legal mail was returned to the court." (*Id*.) Petitioner asked the court to extend his time limit to file

his motion for collateral relief in the state trial court by ninety days "in case any problems arise." (*Id.*)

## II. Discussion

"A document filed *pro se* is 'to be liberally construed,' and . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Courts are instructed to give indulgent treatment to the 'inartfully pleaded'" filings of parties proceeding *pro se*. *Pasley v. Conerly*, 345 F. App'x 981, 986 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Federal Rule of Civil Procedure 60(b)(6) permits a court to relieve a party from a final judgment or order for any reason "that justifies relief." Whether to grant relief pursuant to Rule 60(b)(6) is within the Court's discretion. *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir.), *cert. denied*, 139 S. Ct. 450 (2018). That discretion is "'especially broad due to the underlying equitable principles involved.'" *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir.), *cert. denied*, 139 S. Ct. 567 (2018) (quoting *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015)).

Liberal construction of Petitioner's July 24, 2020, letter to the Court indicates Petitioner's desire for an extension and thus a stay. (ECF No. 13, PageID.2307.) While Petitioner's response to Respondent's motion to dismiss was more equivocal (and reflected a lack of understanding of the stay and abeyance process), it, too,

3

appeared to indicate that Petitioner wanted a stay to permit him to return to the state courts. (ECF No. 9, PageID.2291.)

Accordingly, the Court will construe Petitioner's letter of July 24, 2020, as a Rule 60(b)(6) motion for relief from the Court's dismissal of his habeas petition. It will further construe the letter as a motion for a stay, to permit Petitioner adequate time to return to the state trial court with a motion for relief from judgment pursuant to Mich. Ct. R. 6.500, *et seq*.

The balance of equities in Petitioner's case dictate that the motions be granted; that is, the Court's dismissal order should be vacated, and the petition reinstated and held in abeyance. First, Respondent appears to have no objection, as his motion to dismiss acknowledged that a stay would be an appropriate alternative to dismissal. (ECF No. 7, PageID.35.)

Next, the Court's analysis of why a stay was unnecessary turned on the fact that nine months of Petitioner' one-year limitations period remained and thus the statute of limitations did not pose a concern. (ECF No. 10, PageID.2301-02.) That is no longer true. While a federal habeas petition is pending in federal court, the statutory limitations period is equitably tolled. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004) (citing *Corbin v. Straub*, 156 F. Supp. 2d 833, 837 (E.D. Mich. 2001)) (other citation omitted). Here, once the Court dismissed the petition, it was no longer "pending," and the statute of limitations

4

clock began to run again. As a result, only three months of Petitioner's limitations period now remain. This change in circumstances, the running of the clock without Petitioner's awareness or fault, justifies relief under Rule 60(b)(6).

Finally, on reassessment, Petitioner's circumstances meet the requirements for a stay. A stay is appropriate when the one-year statute of limitations poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Because of the lapse in tolling Petitioner's limitations period, the time remaining now does cause concern. Three months remain for Petitioner to prepare and submit his motion for collateral relief to the state courts. The significant disruptions of the Covid-19 pandemic and its impact on the operations of the United States Postal Service and the Court, *see, e.g.*, *United States v. Dener*, No. 17-CR-20315, 2020 WL 5653303, at *1 (E.D. Mich. Sept. 23, 2020) (Ludington, J.); *United States v. Terry*, No. 11-20752, 2020 WL 4581691, at *1 (E.D. Mich. Aug. 10, 2020) (Cox, J.), render that period of time less adequate than it might be under normal circumstances.

Petitioner was hospitalized from April to June. (ECF No. 13.) The Court's order, mailed during that time, was not forwarded to Petitioner but was returned to

the court. (ECF No. 12.) As of July 24, 2020, when Petitioner wrote the Court, he was unaware that his case had been decided. (ECF No. 13.) Petitioner has thus demonstrated good cause for a stay, and his actions have not been dilatory or abusive. Finally, Petitioner's claims do not appear "plainly meritless."

A prisoner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Petitioner may file a motion for relief from judgment in the Oakland County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, before returning to federal court to pursue habeas relief, he must seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Even when a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Failure to comply with the time limits or other conditions of this stay may result in the

6

dismissal of the amended petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

### III. Conclusion and Order

Accordingly,

IT IS HEREBY ORDERED that Petitioner's motion for relief from judgment is GRANTED, and the Court's order of April 30, 2020 (ECF No. 10) is VACATED.

IT IS FURTHER ORDERED that the proceedings are STAYED, and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within ninety (90) days of receipt of this order. If he is unsuccessful in the state courts, Petitioner should file an amended habeas corpus petition and a motion to re-open this case within ninety (90) days of exhausting state remedies, using the same case number that appears on this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes.

Nothing in this order should be construed as an adjudication of the merits of Petitioner's claims.

SO ORDERED.

Dated: November 2, 2020         s/Sean F. Cox
                                Sean F. Cox
                                U. S. District Judge